United States District Court
Northern District of Texas

Tim Fredrickson,
  Petitioner
  v.
Warden of Seagoville,
  Respondent

No. 4-25CV1051-P

## Petition for Habeas Corpus pursuant to 28 §2241

**Case information**

  Case of Conviction    17-cr-40032 (C.D.ill)
  Imposed Sentence    200 months
  Projected Release    2031

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 26 2025
CLERK, U.S. DISTRICT COURT
By _____
      Deputy

**Statement of the facts**

1. Tim Fredrickson is a federal prisoner currently housed at FCI Seagoville.

2. FCI Seagoville does not have digital word processing equipment; Instead, prisoners must purchase a ribbon and erase-tape to use a SWINTEC 7000 typewriter.

3. FCI Seagoville does have an industrial copy machine, however inmates must purchase a copy card to use it[1]. Fredrickson has such a copy card.

4. According to the BOP's SENTRY system, in February or March 2025:

   A. Fredrickson allegedly was involved in an incident that was assigned case number 4075285.

   B. Therein, staff alleged Fredrickson violated prohibited act 113, possessing drugs/alcohol

5. Upon receiving the BOP's verdict[2] and imposing sentence, Fredrickson obtained a BP-10 appeal form[3] from Unit Team the next day.

6. Fredrickson visited the Law Library to read applicable Program Statements, the Code of Federal Regulations, and used the typewriter to draft the appeal on the BP-10 form.

7. Fredrickson then attempted to copy all of the original documents, including

   A. The incident report / investigation report

   B. The DHO[4] prisoners rights form given by UDC

   C. The DHO's findings and assigned penalties

   D. The Appeal drafted on the BP-10 form

---

1   See generally, Trust Fund/Deposit Fund Manual located at Chapter 5 of Program Statement 4500.12
2   See Program Statement 5270.09 noting the standard of proof is an amorphous "the greater weight of the evidence"
3   See Program Statement 5270.09 noting that "The decision of the DHO is final and subject to review only by the Regional Director to ensure conformity with the discipline policy and by appeal through the Administrative Remedy program"
4   Discipline Hearing Officer and Unit Discipline Committee, respectively, See Program Statement 5270.09

8. Fredrickson was not permitted to copy these documents, due to a recent prohibition imposed by Lauren Howard, the current supervisor of education, restricting all copies to "legal only" defined as "the case you are currently serving a sentence for"[5].

9. Because Fredrickson could not make copies of the above documents, and to file an appeal, inmates *must* include the above "copies of disciplinary records"; Fredrickson was forced to send *originals*.

10. Typically, the BOP's regional office (BP-10) or central office (BP-11) will send all originals back, along with their response, between two and three months after receipt.

11. Six months after mailing, Fredrickson has not received a response to the appeal that was sent to the regional office.

12. Fredrickson cannot appeal to the next level (BP-11) because:

    A. He does not have the above required documents

    B. He does not remember the facts surrounding the allegations

    C. He does not remember which grounds were raised on appeal

    D. Until recently, he did not even have a copy of the incident report number

13. Fredrickson is likewise prejudiced in bringing this §2241 petition due to that same simple inability to copy required legal documents at his own personal expense [5] [6]. See related, Exhibit B.

**Statement of Facts supporting §2241 petition**

14. According to BOP records Fredrickson was improperly double sanctioned 41 days twice for a total of 82 days.

15. Program Statement 5270.09 States that for a 100 series offense, the maximum loss is "100%" of one year's credit, which is 54 days.

16. To further support this limit of 54 days, the same Program Statement also states that staff may "Disallow ordinarily between 50% and 75% (27-41 days) of good conduct time credit available for year".

17. To further support this limit of "100%" translating into 54 days, "Table 2" states that the *only* "*Additional* Available Sanctions" for a *second* 100 series offense is "Disciplinary Segregation (up to 18 months)"

18. Fredrickson was charged with only *one* 100 series offense, not two.

19. Fredrickson does have one *prior* 100 series offense, however it took place more than 24 months prior to the instant allegation. Accordingly, under a plain reading of the program statement, it was not proper to enhance the penalty. See Table 2.

20. NARAN is not "narcotics, marijuana, drugs, alcohol, intoxicants", and thus fails the elements of the charge. Furthermore, if true, possession should have been charged as either Prohibited Act 305 or 331 which carry less or no loss of time credit.

---

5  The court should take judicial notice of   **Randall Morris v Lauren Howard, No. 24-cv-03148 (N.D.Tex)**
6  See Program Statement 4500.12 Trust Fund/Deposit Fund Manual, Chapter 5:
"Copier, washer/dryer, and photography services for the inmate population may be operated in the institution at the Warden's discretion under the Trust Fund Program. These services are conducted using sound management practices and have necessary internal controls to ensure that the Trust Fund recognizes all sales, commissions, or other revenue and that waste, fraud, and abuse are minimized"

**Relief**

Any and all relief available under 28 §2241 et. seq.

**Declaration**

I declare under penalty of perjury that the facts contained herein are true and correct

/s/ Tim Fredrickson

Date: 9/10/2025



**U.S. Department of Justice**
Federal Bureau of Prisons

PROGRAM  STATEMENT
OPI:  CPD/CSB
NUMBER:  5270.09
DATE:  July 8, 2011
EFFECTIVE DATE: August 1, 2011

# Inmate Discipline Program

/s/
*Approved*:  Thomas R. Kane
Acting Director, Federal Bureau of Prisons

1. **PURPOSE AND SCOPE**

§ 541.1   Purpose.

**This subpart describes the Federal Bureau of Prisons' (Bureau) inmate discipline program.   This program helps ensure the safety, security, and orderly operation of correctional facilities, and the protection of the public, by allowing Bureau staff to impose sanctions on inmates who commit prohibited acts.   Sanctions will not be imposed in a capricious or retaliatory manner.   The Bureau's inmate discipline program is authorized by 18 U.S.C. 4042(a)(3).**

§ 541.2   Application.

**This program applies to sentenced and unsentenced inmates in Bureau custody. It also applies to sentenced and unsentenced inmates designated to any prison, institution, or facility in which persons are held in custody by direction of, or under an agreement with, the Bureau of Prisons.**

This policy applies to all persons in the custody of the Federal Bureau of Prisons or Bureau contract facilities, including persons charged with or convicted of offenses against the United States; D.C. Code felony offenders; and persons held as witnesses, detainees, or otherwise. These provisions do not apply to Federal inmates designated to a non-Federal facility (e.g., inmates serving Federal sentences in state or county facilities).

**Federal Regulations from 28 Code of Federal Regulations, part 541, are shown in this type.**
Implementing instructions are shown in this type.

•••

112  Use of any narcotics, marijuana, drugs, alcohol, intoxicants, or related paraphernalia, not prescribed for the individual by the medical staff.

113  Possession of any narcotics, marijuana, drugs, alcohol, intoxicants, or related paraphernalia, not prescribed for the individual by the medical staff.

114  Sexual assault of any person, involving non-consensual touching by force or threat of force.

115  Destroying and/or disposing of any item during a search or attempt to search.

196  Use of the mail for an illegal purpose or to commit or further a Greatest category prohibited act.

197  Use of the telephone for an illegal purpose or to commit or further a Greatest category prohibited act.

198  Interfering with a staff member in the performance of duties most like another Greatest severity prohibited act. This charge is to be used only when another charge of Greatest severity is not accurate. The offending conduct must be charged as "most like" one of the listed Greatest severity prohibited acts.

199  Conduct which disrupts or interferes with the security or orderly running of the institution or the Bureau of Prisons most like another Greatest severity prohibited act. This charge is to be used only when another charge of Greatest severity is not accurate. The offending conduct must be charged as "most like" one of the listed Greatest severity prohibited acts.

**AVAILABLE SANCTIONS FOR GREATEST SEVERITY LEVEL PROHIBITED ACTS**

A.  Recommend parole date rescission or retardation.

B.  Forfeit and/or withhold earned statutory good time or non-vested good conduct time (up to 100%) and/or terminate or disallow extra good time (an extra good time or good conduct time sanction may not be suspended).

B.1.  Disallow ordinarily between 50% and 75% (27-41 days) of good conduct time credit available for year (a good conduct time sanction may not be suspended).

C.  Disciplinary segregation (up to 12 months).

P5270.09   7/8/2011   **Federal Regulations are shown in this type.**   Implementing instructions: this type.   45

•••

Table 2. **ADDITIONAL AVAILABLE SANCTIONS FOR REPEATED PROHIBITED ACTS WITHIN THE SAME SEVERITY LEVEL**

| Prohibited Act Severity Level | Time Period for Prior Offense (same code) | Frequency of Repeated Offense | Additional Available Sanctions |
|---|---|---|---|
| Low Severity (400 level) | 6 months | 2nd offense | 1. Disciplinary segregation (up to 1 month).<br>2. Forfeit earned SGT or non-vested GCT up to 10% or up to 15 days, whichever is less, and/or terminate or disallow extra good time (EGT) (an EGT sanction may not be suspended). |
| | | 3rd or more offense | Any available Moderate severity level sanction (300 series). |
| Moderate Severity (300 level) | 12 months | 2nd offense | 1. Disciplinary segregation (up to 6 months).<br>2. Forfeit earned SGT or non-vested GCT up to 37 1/2% or up to 45 days, whichever is less, and/or terminate or disallow EGT (an EGT sanction may not be suspended). |
| | | 3rd or more offense | Any available High severity level sanction (200 series). |
| High Severity (200 level) | 18 months | 2nd offense | 1. Disciplinary segregation (up to 12 months).<br>2. Forfeit earned SGT or non-vested GCT up to 75% or up to 90 days, whichever is less, and/or terminate or disallow EGT (an EGT sanction may not be suspended). |
| | | 3rd or more offense | Any available Greatest severity level sanction (100 series). |
| Greatest Severity (100 level) | 24 months | 2nd or more offense | Disciplinary Segregation (up to 18 months). |

P5270.09   7/8/2011   Federal Regulations are shown in this type.   Implementing instructions: this type.   55

- 6 -

*Attached Trulincs copyout with Mr. James*

SEA 1330.18(d)
Administrative Remedy Program
June 1, 2024
4
Attachment A

### Federal Correctional Institution
Seagoville, Texas
**Administrative Remedy Procedures for AIC's**
**Informal Resolution Form**

Bureau of Prisons Program Statement 1330.18, <u>Administrative Remedy Program</u>, requires, in most cases, that AIC's attempt informal resolution of grievances prior to filing a formal written complaint. This form will be used to Document your efforts toward informally resolving your grievance. Complete items 1-3 and return to your Correctional Counselor.

**AIC'S COMPLAINT:**

1. State your specific complaint: The attached TRULINCS email to the Warden details the 9/7/2025 incident in the Law Library that gives rise to this complaint. At 9:15am, I attempted to make a legal copy of a document that is connected to federal civil suit Morris v Howard et al, 3:24-CV-03148, but was denied by Mr. James citing an arbitrary local policy by SOE Howard that is abusive and that conflicts with BOP P.S. 1315.07 and 5350.27. My legal document was clearly addressed to the U.S. District Court in Dallas, clearly cited case #3:24-CV-03148, and clearly had legal wording that would indicate it to be a legal document to a reasonable fact finder. Mr. James read the entire document and denied my use of the Trust Fund copier to copy it.

2. State what efforts you have made to informally resolve your complaint: I and other inmates have suffered these arbitrary denials since SOE Howard implemented her erroneous interpretation of BOP P.S. 1315.07 in September 2023 declaring that only legal documents connected to an inmate's federal criminal case for which he was sentenced can be copied on the Trust Fund copier. I have filed complaints and a federal suit that is currently being screened by the court.

3. State what resolution you request: As BOP P.S. 1315.07 governs inmate legal documents and does not differentiate between federal criminal cases and all other legal documents, i.e., federal civil cases, state civil cases, state criminal cases, federal US Tax Court cases, death certificates, copyright application forms, etc., discontinue the impediment to the Inmate Trust Fund copier for these docs.

| Randall Morris | 15141010 | E-6 |
|---|---|---|
| AIC Name | Register Number | Unit |
| [signature] | 9/7/2025 | |
| AIC Signature | Date | |

**CORRECTIONAL COUNSELOR:**

4. Efforts made to informally resolve and staff contacted: Executive Assistant Yourkoski, who stated that he is in the process of getting this resolved.

☐ Informally Resolved on _____ date _____

☑ No Informal Resolution - Issued BP-9 on 9/10/2025   AIC's signature [signature]

for Counselor's Signature: *James*  Date: 9/10/2025

for Unit Manager Review: *James*  Date: 9/10/2025

TRULINCS 15141010 - MORRIS, RANDALL ALLEN - Unit: SEA-E-A

---

FROM: 15141010
TO: Warden
SUBJECT: ***Request to Staff*** MORRIS, RANDALL, Reg# 15141010, SEA-E-A
DATE: 09/08/2025 12:17:56 PM

To: Mr. Yorkowski (Urgent)
Inmate Work Assignment: Suicide Companion

Mr. Yorkowski:
Further to the incident on 9/7 below preventing my access to the Trust Fund copier to pay for copies of a court filing, Unit Team does not allow me to make legal copies stating that, "That is what the Trust Fund copier is for." Meanwhile, I cannot make copies of the original filing or the attached exhibits before mailing to the court, thus, putting my originals at risk. Ultimately, it is my responsibility to retain copies of all legal documents before mailing, but I cannot prove they even existed if I am forced to mail my originals and they are subsequently lost.

As it stands, Howard and James point inmates to Unit Team, who then point inmates right back to the Trust Fund copier while all of the Wardens (including interim wardens) since 2023 have, thus far, refused to resolve this matter, thus, prolonging the deprivation.

I saw you at main line this morning, but you had gone by the time my unit (#6) exited the chow hall. Also, given the lack of timely responses to our BP-8 and BP-9 grievances regarding these incidents (they happen daily) since Sept. 2023, and the demonstrated unwillingness and indifference towards resolving this problem on the facility level, we are being denied full access to the courts through the local arbitrary policy of SOE Howard that conflicts with P.S. 1315.07.

BOP P.S. 1315.07 section 543.11(10)(d.) under the heading "Legal Research And Preparation of Legal Documents" defines legal documents as "An inmate's legal materials include BUT ARE NOT LIMITED TO the inmate's pleadings and documents (such as a pre-sentence report) that have been filed in court OR WITH ANOTHER JUDICUAL OR ADMINISTRATIVE BODY, drafts of pleadings to be submitted by the inmate to a court OR WITH OTHER JUDICIAL OR ADMINISTRATIVE BODY which contain the inmate's name and/or case caption prominently displayed on the first page, documents pertaining to an inmate's ADMINISTRATIVE CASE, photocopies of legal reference materials, and legal reference materials which are available in the institution main law library."

The document that Mr. James denied me to photocopy at my own cost yesterday had my name, address, BOP ID #, name and address of the court and case citation MORRIS v Howard et al, 3:24-cv-3148 on the first page, which he read in its entirety! Furthermore, the P.S. definition above should cover BP-8 Informal Resolution Forms + exhibits, BP-9, 10, 11 Forms + exhibits, IRS forms, death certificates state and federal civil cases, however, all of these legal documents are prohibited from being copied in the Law Library since SOE Howard implemented this abusive local policy in Sept. 2023.

-
-
-
-----MORRIS, RANDALL ALLEN on 9/7/2025 10:01 AM wrote:

>

At 9:15 am this morning Mr. James at Education denied my use of the Inmate Trust Fund copier to pay for a copy of a notice I had typed to the federal court in Dallas concerning case # 3:24-cv-03148 (Morris v Howard et al), which challenges the arbitrary restrictions on the law library typewriters and copy Trust Fund copy machine since September 2023, and which conflict with BOP Program Statements 1315.07 governing inmate legal documents and 5350.27 governing inmate manuscripts.

As he has done many times before to me and other inmates, Mr. James denied my request this morning to copy my legal document before I place the original into the unreliable mail to the Court citing Ms. Howard's erroneous interpretation of P.S. 1315.07 that [QUOTE] "inmates are only allowed to use the Trust Fund copy machine to copy legal documents that are directly related to the criminal cases for which they are serving their federal sentences." Mr. James (and Ms. Howard) then directs inmates to Unit Team to request copies.

Unit Team repeatedly states that this instruction and procedure is incorrect and that, "THAT is what the Inmate Trust Fund copier is for!"

Notwithstanding the erroneous interpretation of P.S. 1315.07, Ms Howard's and Mr. James' interpretation would be highly

TRULINCS 15141010 - MORRIS, RANDALL ALLEN - Unit: SEA-E-A

----------------------------------------------------------------------------------------------------

illogical in that it purports to shift the burden and THE COST TO THE BOP of any legal copies that are not directly related to the federal criminal cases for which inmates are serving their sentences.

Furthermore, P.S. 1315.07 does not define legal documents to this degree, and the Constitutional guarantee of Access To The Courts has no exception clauses of this sort.

This ongoing restriction is part of the original reason that gave rise to the lawsuit for which I was requesting to copy legal document this morning as it was directly related to this lawsuit. (Morris v Howard) The denial this morning shall be used as as yet another of the many denial exhibits in this civil case.

TRULINCS 15141010 - MORRIS, RANDALL ALLEN - Unit: SEA-E-A

---

FROM: Trust Fund
TO: 15141010
SUBJECT: RE:***Inmate to Staff Message***
DATE: 09/09/2025 11:57:04 AM

We spoke to the warden about the issue, she is going to look into it.

---

From: ~^! MORRIS, ~^!RANDALL ALLEN <15141010@inmatemessage.com>
Sent: Tuesday, September 9, 2025 11:07 AM
Subject: ***Request to Staff*** MORRIS, RANDALL, Reg# 15141010, SEA-E-A

To: Mr. Honstadt
Inmate Work Assignment: Suicide Companion

Mr. Honstadt, I saw you at main line today regarding the problem below. Please bring this to the Warden's attention.

-

-
-----MORRIS, RANDALL ALLEN on 9/7/2025 10:01 AM wrote:

>

At 9:15 am this morning Mr. James at Education denied my use of the Inmate Trust Fund copier to pay for a copy of a notice I had typed to the federal court in Dallas concerning case # 3:24-cv-03148 (Morris v Howard et al), which challenges the arbitrary restrictions on the law library typewriters and copy Trust Fund copy machine since September 2023, and which conflict with BOP Program Statements 1315.07 governing inmate legal documents and 5350.27 governing inmate manuscripts.

As he has done many times before to me and other inmates, Mr. James denied my request this morning to copy my legal document before I place the original into the unreliable mail to the Court citing Ms. Howard's erroneous interpretation of P.S. 1315.07 that [QUOTE] "inmates are only allowed to use the Trust Fund copy machine to copy legal documents that are directly related to the criminal cases for which they are serving their federal sentences." Mr. James (and Ms. Howard) then directs inmates to Unit Team to request copies.

Unit Team repeatedly states that this instruction and procedure is incorrect and that, "THAT is what the Inmate Trust Fund copier is for!"

Notwithstanding the erroneous interpretation of P.S. 1315.07, Ms Howard's and Mr. James' interpretation would be highly illogical in that it purports to shift the burden and THE COST TO THE BOP of any legal copies that are not directly related to the federal criminal cases for which inmates are serving their sentences.

Furthermore, P.S. 1315.07 does not define legal documents to this degree, and the Constitutional guarantee of Access To The Courts has no exception clauses of this sort.

This ongoing restriction is part of the original reason that gave rise to the lawsuit for which I was requesting to copy legal document this morning as it was directly related to this lawsuit. (Morris v Howard) The denial this morning shall be used as as yet another of the many denial exhibits in this civil case.

Fredrickson
2005-026
CORRECTIONAL INSTITUTION
000
TX 75159-9000

NORTH TEXAS TX P&DC
DALLAS TX 750
23 SEP 2025  PM 3  L

Clerk of court
501 west 10th Street
Fort worth, TX 76102

RECEIVED
SEP 26 2025
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

76102-363799