UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**TIM FREDRICKSON,**

   Petitioner,

v.                                            No. 4:25-cv-1051-P

**WARDEN, FCI SEAGOVILLE**

   Respondent.

## OPINION AND ORDER

Came on for consideration the petition of Tim Fredrickson for a writ of habeas corpus under 28 U.S.C. § 2241. The Court, having considered the petition, the response, the reply, the record, and applicable authorities, concludes that the petition must be **DENIED**.

### BACKGROUND

On February 26, 2025, during a routine cell search, a correctional officer found two unused containers of Narcan nasal spray inside Petitioner's locker. ECF No. 8 at App. 002–003, 009. Petitioner admitted that he had taken the Narcan from a trashcan and kept it. *Id.* at App. 003, 011. The Disciplinary Hearing Officer ("DHO") concluded that Petitioner had committed a prohibited act and entered the required minimum disallowance of 41 days of good conduct time. She then determined that, considering Petitioner's discipline history, and the severity of the offense, that he should be sanctioned an additional 41 days of nonvested good conduct time, loss of commissary privileges for 180 days, loss of phone privileges for 180 days, and a monetary fine worth 75% of his total balance. *Id.* at App. 003–004, 013–016.

### GROUNDS OF THE PETITION

Petitioner argues that the Narcan was not "narcotics, marijuana, drugs, alcohol, intoxicants" so as to be a series 100 offense. Further, he "was improperly double sanctioned 41 days twice." ECF No. 1 at 2.

## STANDARD OF REVIEW

Federal courts cannot retry every prison disciplinary dispute. *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994). Rather, they may act only where arbitrary or capricious action is shown in connection with a disciplinary hearing that involves a liberty interest, that is, restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.[1] *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In such cases, due process if satisfied where the inmate receives: (1) 24-hour advanced written notice of the charges against him; (2) an opportunity to call witnesses and present documentary evidence in his defense; and (3) a written statement from the fact-finder that includes the evidence relied on and the reasons for the action taken. *Wolff v. McDonnell*, 418 U.S. 539, 563–67 (1974). If those requirements are met, the court only looks to see whether there is some evidence in the record to support the findings made at the hearing. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455–56 (1985) ("Requiring a modicum of evidence to support a decision to revoke good time credits will help to prevent arbitrary deprivations without threatening institutional interests or imposing undue administrative burdens.") Only where there is "no evidence whatsoever" will a prison disciplinary decision be overturned. *Reeves*, 19 F.3d at 1062.

## ANALYSIS

The inmate discipline program of the Bureau of Prisons is set forth at 28 C.F.R. §§ 541.1–541.8, and applies to all inmates designated to any prison, institution, or facility in which persons are held in custody by direction of, or under agreement with, the BOP. 28 C.F.R. § 541.2. Generally, the procedures are as follows: When staff witness or reasonably believe an inmate has committed a prohibited act, the staff member issues an incident report to the inmate, usually within 24 hours. 28 C.F.R. § 541.5(a). After the inmate receives the report, a BOP

---

[1] Loss of commissary, phone, and visitation privileges do not implicate due process concerns. *See, e.g.*, *Malchi v. Thaler*, 211 F.3d 953, 958–59 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Likewise, segregated confinement does not present an atypical or significant hardship beyond the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 486 (1995); *Malchi*, 211 F.3d at 958.

staff member will investigate it, giving the inmate an opportunity to make a statement and request that witnesses be interviewed or evidence be obtained and reviewed. 28 C.F.R. § 541.5(b). The Unit Discipline Committee ("UDC") reviews the incident report and the inmate has an opportunity to appear and make a statement and present evidence. 28 C.F.R. § 541.7. The UDC can impose sanctions, except loss of good time credit, FSA time credits, disciplinary segregation, or monetary fines. 28 C.F.R. § 541.7(f). It may refer the incident report to the DHO for further review. 28 C.F.R. § 541.7(g). The DHO conducts a hearing at which the inmate may appear and present evidence. 28 C.F.R. § 541.8. The inmate may also request and obtain the assistance of a staff representative. *Id.* If the DHO finds that the inmate committed a prohibited act, the DHO may impose any of the available sanctions.[2] *Id.* The inmate may appeal the decision and sanctions through the BOP administrative remedy program. *Id.*

Petitioner does not dispute that the *Wolff* requirements were met.[3] Instead, he disputes the severity level of his offense. The applicable program statement describes a Code 113, the offense charged, as "[p]ossession of any narcotics, marijuana, drugs, alcohol, intoxicants, or related paraphernalia, not prescribed for the individual by medical staff." 28 C.F.R. § 541.3, Table 1. Narcan fits the definition of a drug. ECF No. 7 at 7 & n.1. Petitioner does not dispute that the Narcan was not prescribed for him. The offense was properly charged.

The offense charged was one of the greatest severity. 28 C.F.R. § 541.3, Table 1. Thus, a finding of guilt required the disallowance of at least 41 days of good conduct time. 28 C.F.R. §§ 541.4(a)(2), (b)(1). In addition, the DHO was authorized to impose additional sanctions including forfeiture of up to 100 percent of nonvested good conduct time. 28 C.F.R. § 541.3, Table 1(A)–(M). Because the sanctions imposed—

---

[2] The severity level of the prohibited acts determines the range of possible sanctions that may be imposed. 28 C.F.R. §§ 541.3(b) & 541.3, table 1.

[3] In his reply, he argues that he did not receive 24 hours' notice before the hearing. ECF No. 112. This ground was not raised in the petition and the Court does not consider new arguments first made in a reply. ECF No. 5 at 2. In any event, the record reflects that the incident occurred and Petitioner was given notice on February 26, 2025, and the hearing occurred on February 28, 2025. It does not appear that Petitioner objected to the timing of the hearing.

forfeiture of 41 days and disallowance of 41 days—were authorized, Petitioner cannot show error.

## CONCLUSION

For the reasons discussed, the petition is **DENIED**.

**SO ORDERED** on this **9th day of February 2026.**

*[signature: Mark T. Pittman]*

Mark T. Pittman
UNITED STATES DISTRICT JUDGE